Mr. Dennis E. Lyles City Attorney City of Fort Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Lyles:
You have asked substantially the following question:
 May a municipality enact an "anti-cruising" ordinance which may be enforced on a state road located within the municipality?
In sum, I am of the following opinion:
 Since a municipality may only enforce state traffic laws on state roads located within the municipality, a municipality may not enact an "anti-cruising" ordinance to be enforced on state roads located within the municipality. Jurisdiction over the control and regulation of traffic on state roads is vested with the Department of Transportation.
Section 316.006(2)(a), F.S., provides:
 Chartered municipalities shall have original jurisdiction over all streets and highways located within their boundaries, except state roads, and may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under their original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic. (e.s.)
This office has interpreted s. 316.006(2)(a), F.S., to except state roads from the original jurisdiction of chartered municipalities.[1] A municipality, however, may enforce the state traffic laws on state roads within the geographical boundaries of the municipality.[2] Furthermore, a municipality may enact an ordinance which creates an offense against the municipality for the same acts that constitutes an offense against a state penal statute.[3]
I have not found, nor have you provided, a state law prohibiting "cruising"[4] on state roads. In the absence of such a state regulation and in light of the original jurisdiction over state roads vested with the Department of Transportation, it is my opinion that a municipality may not enact an "anti-cruising" ordinance to regulate or control traffic on a state road.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, AGO 80-100, concluding that a municipality may not exercise police jurisdiction over a federal highway or a state road contiguous to, but not within, the corporate limits of the city. See also, s. 316.006(1), F.S., vesting the Florida Department of Transportation with all original jurisdiction over all state roads throughout the state.
[2] See, AGO 81-41, where this office clarified AGO 80-100 through an analysis of State v. Williams, 303 So.2d 74 (3 D.C.A.Fla., 1974), in which the court determined that the jurisdiction vested by s. 316.006(1), F.S., relates only to the control or regulation of traffic and does not extend to the enforcement of traffic laws. See also, s. 316.640(3), F.S., providing that the police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle.
[3] See, AGO 78-111.
[4] While the term "cruising" is not defined in Ch. 316, F.S., you indicate "cruising" to be "the repetitive and unnecessary driving of motor vehicles."